**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN CLANCY and RUTH CLANCY, | CIVIL ACTION NO.: |
| Plaintiffs | |
| vs. | COMPLAINT |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

**COMES NOW** the Plaintiffs JOHN CLANCY and RUTH CLANCY ("Plaintiffs"), by and through their undersigned counsel, and hereby sue the Defendant, ALLSTATE INSURANCE COMPANY, and state:

## INTRODUCTION

1. This is an action by the Plaintiffs, homeowners, against their insurance carrier, ALLSTATE INSURANCE COMPANY ("Defendant"), for benefits owed under the flood insurance policy, which have not been paid, as a result of Superstorm Sandy.

2. The Plaintiffs purchased a flood insurance policy from Defendant, which participated with FEMA, and consequently issued the federal Standard Flood Insurance Policy ("SFIP") to the Plaintiffs.

3. The Defendant failed to pay the damages due and owing under the insurance policy.

## JURISDICTION

4. This Court has jurisdiction of this action pursuant to the National Flood Insurance Act, specifically, 42 U.S.C. § 4001, *et seq*.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

{T0758115.DOCX;1}                    1

## PARTIES

3. At all times material hereto, Plaintiffs were and are a New Jersey residents and the owners of the property that was located at 131 Park Avenue, Keansburg, New Jersey 07734 (the "Property").

5. At all times material hereto, Defendant was a foreign corporation authorized to and doing business as an insurance company in the State of New Jersey.

## COUNT ONE – BREACH OF CONTRACT

6. Defendant issued policies of flood insurance to Plaintiff pursuant to the National Flood Insurance Program, with the following policy number: 4802717401. This policy insured the property owned by Plaintiffs and located at 131 Park Avenue, Keansburg, New Jersey 07734 (the "Property").

7. The flood insurance policy issued to Plaintiff by Defendant had a policy period of September 24, 2012 to September 24, 2013.

8. On or about October 29, 2012, at a time when the above described policy of flood insurance was in full force and effect, the property insured by Defendant suffered flood damages as a result of Hurricane Sandy.

9. The cost to repair the damage to the insured property caused by flood and the cost to replace the insured property that was damaged by flood exceeds the limits of coverage provided by the subject flood insurance policy.

10. Plaintiffs promptly and properly submitted claims to Defendant for the losses and damages that resulted from the flood and further properly and promptly submitted a Sworn Statement in Proof of Loss as required by the policy.

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

11. On January 29, 2014, Plaintiffs submitted their Sworn Statement in Proof of Loss to Defendant.

12. Defendant has breached the terms of the flood insurance policy by failing and refusing to pay all amounts due to Plaintiffs pursuant to the terms of the subject flood insurance policy.

13. Plaintiffs have complied with all conditions precedent to the bringing of this action or, in the alternative, Defendant has waived same.

14. As a result of Defendant's breach, Plaintiffs have suffered damages, including the amounts to which they are legally entitled to recover under the terms of the subject flood insurance policy.

**WHEREFORE**, Plaintiffs, JOHN CLANCY and RUTH CLANCY, sue the Defendant, ALLSTATE INSURANCE COMPANY and request the following relief:

1. Entry of judgment in their favor for all amounts to which they are entitled under the terms of the subject flood insurance policy;

2. An award of the costs of this action: and

3. Such other and further relief as this Court deems just and appropriate.

## COUNT TWO – REQUEST FOR DECLARATORY RELIEF

15. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 14 as if set forth in full herein.

16. This is an action for Declaratory Judgment filed pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. Rule 57.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

{T0758115.DOCX;1}   3

17. Plaintiffs and Defendant are in doubt and dispute of their rights and obligations under the aforementioned Policy. Such doubt and dispute has created a bona fide, actual, and present adverse controversy between the parties regarding the requirements under the Policy.

18. Plaintiffs' insured property was damaged as a result of flood associated with Superstorm Sandy on or about October 29, 2012.

19. The Policy provides that the Plaintiffs are required to "[w]ithin 60 days after the loss, *send* us a proof of loss…"

20. On or about October 1, 2013, the deadline within which to submit the Proof of Loss was extended eighteen (18) months by the National Flood Insurance Program in Bulletin W-13060-a.

21. The Plaintiffs sent the Proof of Loss to Defendant well before the extended deadline and before filing the instant lawsuit.

22. The Policy also provides that the Plaintiffs "may not sue us to recover money under the policy unless [the Plaintiffs] have complied with all the requirements of the policy. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of the claim…"

23. The Eastern District of Louisiana, under similar circumstances, found:

> The one year time-bar does not begin, as the government claims, one year from the date FEMA denies a claim based on an adjuster's report. Indeed, the government's interpretation of § 4072 would render the August 31, 2005 modification to the NFIP meaningless, in that the modified procedures allow policyholders to submit proof of loss as a means of challenging FEMA's initial notice of disallowance or partial disallowance. See Godfrey v. Chertoff, 2007 WL 2903228 *2 (E.D. La. 2007); Richardson v. Paulison, 2007 WL 647289 *2 (E.D. La. 2007). FEMA is then required to process the proof of loss "in normal fashion," and if the

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

{T0758115.DOCX;1}   4

proof of loss is rejected in whole or in part, the policyholder may file a lawsuit within one year of the date of the written denial.

*Qader v. Federal Emergency Management Agency*, 543 F. Supp. 2d 558 (E.D. La. 2008); *see also Willis v. State Farm Fire & Casualty*, CIV. A. 07-4862, 2008 WL 793514 (E.D. La. Mar. 24, 2008; *Altman v. Napolitano*, MISC.A G-10-3004, 2013 Wl 788452 (S.D. Tex. Mar. 1, 2013).

24. Based on law these courts have interpreted regarding the limitations period, the Plaintiffs should not need to file this lawsuit until one year after their Proof of Loss is received by FEMA. However, since FEMA has indicated it does not have authority to extend the limitations period, the Plaintiffs are filing this lawsuit in an abundance of caution at this time.

25. Should this Court agree with the Plaintiffs, then the Plaintiffs would be amenable to a stay or abatement of this lawsuit pending FEMA's decision on the Plaintiffs' Proof of Loss.

26. Therefore, the Plaintiffs request this Court declare that the one year period within which the Plaintiffs are required to file suit does not begin to run until FEMA denies a claim that is based upon the Plaintiffs' Proof of Loss.

**WHEREFORE**, Plaintiffs, JOHN CLANCY and RUTH CLANCY, respectfully request this Honorable Court declare:

1. That the one year period to file suit does not begin to run until FEMA denies a claim that is based upon the insured's Proof of Loss;

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

2. That Plaintiffs complied with the Proof of Loss requirement in the Policy when they sent the Proof of Loss to Defendant before filing this instant lawsuit;

3. That the Plaintiffs timely filed the instant lawsuit;

4. That should FEMA adjust the loss based upon the Plaintiffs' Proof of Loss, then the lawsuit can be stayed or abated until that process is concluded; and

5. That the Plaintiffs are entitled to any other such relief as this Court deems just and appropriate.

                                                         MERLIN LAW GROUP PA

Date:  January 31, 2014                  By:   **/s/ Robert T. Trautmann**
                                                         Robert T. Trautmann, Esq.
                                                         Charles R. Mathis IV, Esq.

                                                         Attorneys for Plaintiff

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

{T0758115.DOCX;1}      6