## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN CLANCY and RUTH CLANCY,** | **CASE NO. 3:14-cv-00663-AET-TJB** |
| **Plaintiffs,** | |
| **vs.** | **ANSWER AND** |
| | **AFFIRMATIVE DEFENSES** |
| **ALLSTATE INSURANCE COMPANY,** | **OF** |
| | **ALLSTATE INSURANCE** |
| **Defendant.** | **COMPANY** |

Defendant, Allstate Insurance Company, (hereinafter "Allstate" or "Defendant"), a foreign corporation, which appears solely in its capacity as a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] by and through the undersigned counsel, by way of Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiffs, John Clancy and Ruth Clancy ("Plaintiffs"), hereby states as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the Complaint are denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

2. The allegations contained in Paragraph 2 of the Complaint are admitted in part and denied in part. It is admitted that Allstate, in its capacity as a WYO Program carrier

---

[1] See, 42 U.S.C. §4001 et seq.
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165 (3d Cir. 1998).

participating in the U.S. Government's NFIP, pursuant to the NFIA, and acting in its "fiduciary" capacity as the "fiscal agent of the United States," issued Standard Flood Insurance Policy ("SFIP") number 4802717401 to John & Ruth Clancy as the named insured for the property located at 131 Park Ave. Keansburg, NJ 07734-1842, with effective dates of September 24, 2012 to September 24, 2013 (hereinafter, "Subject SFIP").  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied in extenso.  All remaining allegations are denied as written as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

3.      The allegations contained in Paragraph 3 of the Complaint are denied.  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if set forth at length.  Answering further, the allegations contained in Paragraph 3 of the Complaint are also denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

## JURISDICTION

4.      The allegations in Paragraph 4 of the Complaint are admitted in part and denied in part.  It is admitted that this Court has exclusive Jurisdiction over this matter 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).  Further answering, jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Any need for supplemental jurisdiction that may arise is also proper pursuant to 28 U.S.C. § 1367.  The remaining allegations are denied.  Further, the remaining allegations are denied as written as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

## PARTIES

5.      The allegations in the second Paragraph 3 of the Complaint are admitted upon information and belief.

6.      The allegations in Paragraph 5 of the Complaint are admitted in part and denied in part.  It is admitted that at all times material hereto, Defendant was a duly authorized corporation doing business in New Jersey in its capacity as a WYO Program carrier.

## COUNT ONE – BREACH OF CONTRACT

7.      The allegations contained in Paragraph 6 of the Complaint are admitted in part and denied in part.  It is admitted that Allstate, in its capacity as a WYO Program carrier participating in the U.S. Government's NFIP, pursuant to the NFIA, and acting in its "fiduciary" capacity as the "fiscal agent of the United States," issued the Subject SFIP.  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  All remaining allegations are denied as written as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

8.      The allegations contained in paragraph 7 of the Complaint are admitted.

9.      The allegations contained in Paragraph 8 of the Complaint are admitted in part and denied in part.  That is admitted that some flood damage was sustained by the property insured under the Subject SFIP, and that the Subject SFIP was in effect on October 29, 2012.  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  All

remaining allegations are denied as written as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

10.     The allegations contained in Paragraph 9 of the Complaint are denied. Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  Answering further, the allegations contained in Paragraph 9 of the Complaint are also denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

11.     The allegations contained in Paragraph 10 of the Complaint are admitted in part and denied in part.  It is admitted that Plaintiffs notified Defendant of flood claim and that Defendant received a number of documents entitled "Proof of Loss."  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  All remaining allegations are denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

12.     The allegations contained in Paragraph 11 of the Complaint are admitted in part and denied in part.  It is admitted that Defendant received a letter from Plaintiffs' counsel dated January 28, 2014 which included a document entitled "Proof of Loss," that appears to have been executed by John Clancy on January 27, 2014.  All remaining allegations are denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

13.     The allegations contained in Paragraph 12 of the Complaint are denied.  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt.

61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  Answering further, the allegations contained in Paragraph 12 of the Complaint are also denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

14.     The allegations contained in Paragraph 13 of the Complaint are denied.  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  Answering further, the allegations contained in Paragraph 13 of the Complaint are also denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

15.     The allegations contained in Paragraph 14 of the Complaint are denied.  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  Answering further, the allegations contained in Paragraph 14 of the Complaint are also denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

16.     Defendant denies that Plaintiffs are entitled to the relief sought in the paragraph beginning with "WHEREFORE" (which immediately follows Paragraph 14 of the Complaint), including all subparts thereto.  Further answering, all state-law-based extra-contractual claims are preempted and barred by federal constitutional, statutory and regulatory law.  To the extent that Plaintiffs seek any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant submits there is no right of action for said claims.

**COUNT TWO – REQUEST FOR DECLARATORY RELIEF**

17.     In response to the allegations of Paragraph 15 of the Complaint, Defendant re-asserts and re-avers all responses to all of the foregoing paragraphs of the Complaint, as set forth in each and every paragraph herein above.

18.     The allegations contained in Paragraph 16 of the Complaint are denied as they contain, or call for, a legal conclusion for a substantive issue of law and/or fact.

19.     The allegations contained in Paragraph 17 of the Complaint are denied.  Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  Answering further, the allegations contained in Paragraph 17 of the Complaint are also denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

20.     The allegations contained in Paragraph 18 of the Complaint are admitted in part and denied in part.  That is admitted that some flood damage was sustained by the property insured under the Subject SFIP, and that the Subject SFIP was in effect on October 29, 2012. Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  All remaining allegations are denied as written as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact.

21.     The allegations contained in Paragraph 19 of the Complaint are denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact. Further answering, the SFIP, a written document and codified federal regulation found at 44

C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.

22.     The allegations contained in Paragraph 20 of the Complaint are denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact. Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  Further answering, FEMA Bulletin No. W-13060a is also a written document, self-evident of its contents, and is incorporated and plead herein by reference as if copied at length.

23.     The allegations contained in Paragraph 21 of the Complaint are denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact. Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.  Further answering, FEMA Bulletin No. W-13060a is also a written document, self-evident of its contents, and is incorporated and plead herein by reference as if copied at length.

24.     The allegations contained in Paragraph 22 of the Complaint are denied as written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact. Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.

25.     The allegations contained in Paragraph 23 of the Complaint do not require a response from Defendant.  To the extent a response is required, the allegations are denied as

written, as they contain, or call for, a legal conclusion based upon substantive issues of law and/or fact. Further answering, the SFIP, a written document and codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its terms, coverages, conditions, limitations, and exclusions, and is incorporated and plead herein by reference as if copied at length.

26. The allegations contained in Paragraph 24 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. Said allegations are also denied as a matter of law.

27. The allegations contained in Paragraph 25 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. Said allegations are also denied as a matter of law.

28. The allegations contained in Paragraph 26 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. Said allegations are also denied as a matter of law.

29. Defendant denies that Plaintiffs are entitled to the relief sought in the paragraph beginning with "WHEREFORE" (which immediately follows Paragraph 26 of the Complaint), including all subparts thereto. Further answering, the SFIP at issue is the dwelling form which is a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is the best evidence of the terms, coverages, conditions, limitations, and exclusions provided thereunder. Further answering, all state-law-based extra-contractual claims are preempted and barred by federal constitutional, statutory and regulatory law. To the extent that Plaintiffs seek any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant submits there is no right of action for said claims.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant, Allstate, by and through its undersigned counsel, hereby alleges and asserts the following affirmative defenses presently known, or believed, to be applicable to this action. Defendant expressly reserves the right to raise additional defenses as discovery and the evidence in this action may reveal.  Without limitation to the foregoing reservation of rights, Defendant asserts the following Affirmative Defenses:

### 1.    NO CAUSE OF ACTION

The Plaintiffs' Complaint fails to set forth any claim upon which relief may be granted by this Honorable Court.  Thus Plaintiffs have no cause of action against Defendant.

### 2.    NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the NFIP.  To the extent that Plaintiffs seek any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

### 3.    JURISDICTION AND VENUE

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), and Article VII(R).  Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.  Jurisdiction over any state law claims exists pursuant to 28 U.S.C. §1367.

### 4.    FISCAL AGENT STATUS

By statute, Defendant is the "fiscal agent" of the United States.  42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to the Federal Emergency Management Agency ("FEMA"), and is "to assure that any taxpayer funds are accounted for and appropriately

expended."   44 C.F.R. §62.23(f).   Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019.  Those standards govern all of the WYO Program companies and all of the Insured in a nationally uniform manner.

## 5.    CONSTITUTIONAL ISSUES

Analysis of this lawsuit must be accomplished within the confines established by several distinct constitutional provisions and doctrines.  First, pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs that is not authorized and sanctioned by Congress via the express statutes and regulations of this flood program.  Second, pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter.  Third, as the states have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Finally, pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in <u>Chevron v. Natural Resources Defense Council</u>, 467 U.S. 837, 104 S.Ct. 2778 (1984).

## 6.    GOVERNANCE OF FEMA GUIDELINES

Defendant is a signatory to the NFIA, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and is authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under Defendant's logo. Defendant agrees to abide by all rules and regulations promulgated by the Federal Insurance Administration and FEMA when it issues a SFIP.  Defendant does not have the authority to

change, alter or amend the underwriting or claims guidelines of the flood program.  The Federal Insurance Administrator is the sole authority.

### 7.    U.S. TREASURY FUNDS PAY ALL SFIP CLAIMS

As all claims under the SFIP are made with U.S. Treasury funds, out of segregated accounts maintained by the WYO Program carrier in Compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution.  See, 42 U.S.C. § 4071(a)(1).  Because U.S. Treasury funds are at stake in the payment of claims within the NFIP, strict compliance with the terms and provisions of the SFIP, the NFIA, as amended, and the Code of Federal Regulations is required of all parties.

### 8.    U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds.  Further, any judgment that may be cast in this matter also will come from federal funds.

### 9.    EXEMPTION FROM ARBITRATION

Defendant affirmatively pleads that any NFIP SFIP dispute between an insured and the WYO Program carrier is exempt from arbitration, regardless of the amount in controversy.  All claims under the SFIP (as well as all expenses and costs of defense) are paid with U.S. Treasury funds, subject to the provisions set forth by federal constitutional, statutory and regulatory law. See, 42 U.S.C. §4071(a)(1).  An award of U.S. Treasury funds by one other than a U.S. District Court Judge would be unconstitutional in light of the Appropriations and Supremacy Clauses of the U.S. Constitution.  Therefore, Defendant avers that any dispute arising under a NFIP SFIP be exempt from arbitration.

### 10.    TERMS AND CONDITIONS OF INSURABLITY

Pursuant to 42 U.S.C. §4013, the "terms and conditions of insurability" for the SFIP at issue, itself a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), are established by FEMA,

not Defendant.  As the federal government is the ultimate underwriter of the NFIP, federal (not state) law governs. See, Article IX of the SFIP.

## 11.   NFIP REGULATORY LAW

The question of whether Plaintiffs are entitled to anything under the SFIP policy at issue, and if so, how much, is strictly governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the SFIP which is set forth at 44 C.F.R. Pt.61, App. A(1), in pari materia with all applicable provisions of the Code of Federal Regulations, the NFIA and FEMA's published guidance.

## 12.   WAIVERS OF SFIP PROVISIONS RESERVED

FEMA has reserved unto itself the exclusive authority to waive program requirements. See, 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D).  A court does not have this power.  Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.  No evidence of any such waiver specific to these parties has been presented.

## 13.   WAIVER AND EQUITABLE ESTOPPEL

There can be no waiver and equitable estoppel against the WYO Program carrier relating to an NFIP SFIP dispute.

## 14.   PREEMPTION

All-state-law-based extra-contractual and tort claims, including without limitation breach of contract, negligent misrepresentation, unjust enrichment, relief by declaratory judgment, relief by specific performance, and bad faith arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal

constitutional, regulatory and statutory law. To the extent that Plaintiffs are seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

### 15.    KNOWLEDGE AND DUTY OF PLAINTIFFS

As a matter of federal law, Plaintiffs are charged with knowledge of the federal law. Because Plaintiffs' SFIP is codified federal law (44 C.F.R. Pt. 61, App. A(1)), Plaintiffs are charged with knowing the provisions and the requirements of the flood policy and have an obligation to familiarize themselves with the terms and conditions for participating in this federal program.  Accordingly, failure to comply with the provisions of the SFIP and Code of Federal Regulations is solely the responsibility of the Plaintiffs.  Defendant is in no way liable for the actions or inactions taken by the Plaintiffs or Plaintiffs' representative(s) in this matter.  See, Federal Crop Ins. Corp v. Merrill, 332 U.S. 380 (1947); Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51 (1984).

### 16.    LIMITED SCOPE OF COVERAGE

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations.  See, 42 U.S.C. §4013.  As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions.  Numerous economic, consequential and incidental damages arising from flooding are not covered.  Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program.  As such, Defendant affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP.  44 C.F.R. Pt. 61, App. A(1).

### 17.   CONDITIONS PRECEDENT

Plaintiff's SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy."  In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements.  See, 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly asserted herein by reference.

### 18.   NO DETRIMENTAL RELIANCE

Plaintiffs did not rely on any alleged misrepresentations of either, Defendant, or anyone for whom Defendant might be legally responsible.  Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law.  44 C.F.R. §61.5(e).  Similarly, the SFIP bars all claims of reliance in the context of claims issues.  44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

### 19.   PAYMENT FOR THE HANDLING OF CLAIMS

Defendant has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an Insured under a SFIP.  See, 44 C.F.R. Pt. 62, App. A, Art. III (C)(1).  In other words, the greater the amount paid to an Insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

### 20.     THE INSURING AGREEMENT

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP.  44 C.F.R. Pt. 61, App. A(1) at "Agreement."  Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for Plaintiffs agreed to be bound by all program rules as a condition of the insurance Plaintiffs sought.

### 21.     REGULATORY AND STATUTORY LAW

The issuance of a SFIP by the WYO Program carrier is strictly governed by 44 C.F.R. §§61.5, 61.11, 61.13; 44 C.F.R. Pt. 61, App(A)(1); 44 C.F.R. Pt. 62, App. A; and 42 U.S.C. §4001, et seq.

### 22.     IMPROPER PAYMENTS INFORMATION ACT

Unless the Plaintiffs can establish that they have submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002.  31 U.S.C. §3321 note (Supp. III 2003).

### 23.     DIRECT PHYSICAL LOSS

The Agreement of the SFIP insures "against all direct physical loss by or from flood to the insured property," for which there must be physical changes to the property, provided that the insured has presented a complete application and paid the correct premiums, complied with all the terms and conditions of the SFIP, and has furnished accurate information and statements.

### 24.     SFIP DEFINITIONS

Defendant avers that "Definitions" set forth in Article II of the SFIP must be strictly construed, interpreted and enforced.

## 25.    ARTICLE III COVERAGE AND LIMITATIONS

Defendant pleads the coverage limitations found in Art. III, Coverage A and Coverage B of the SFIP.  Defendant additionally asserts that all such claims are additionally governed by the FEMA NFIP Adjuster Claims Manual, as well as any guidance published by FEMA.

## 26.    LIMITATIONS OF OTHER COVERAGES

Defendant avers as an affirmative defense those limitations of coverage contained at ARTICLE III COVERAGE C - OTHER COVERAGES.

## 27.    PROPERTY NOT COVERED

Defendant avers as an affirmative defense ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP, even if the damages to those items were caused directly by or from flooding:

We do not cover any of the following:
1.  Personal property not inside a building;
2.  A building, and personal property in it, located entirely in, on, or over water or seaward of mean high tide if it was constructed or substantially improved after September 30, 1982;
3.  Open structures, including a building used as a boathouse or any structure or building into which boats are floated, and personal property located in, on, or over water;
4.  Recreational vehicles other than travel trailers described in the Definitions section (see II.B.6.c.) whether affixed to a permanent foundation or on wheels;
5.  Self-propelled vehicles or machines, including their parts and equipment. However, we do cover self-propelled vehicles or machines not licensed for use on public roads that are:
    a.  Used mainly to service the described location or
    b.  Designed and used to assist handicapped persons, while the vehicles or machines are inside a building at the described location;
6.  Land, land values, lawns, trees, shrubs, plants, growing crops, or animals;
7.  Accounts, bills, coins, currency, deeds, evidences of debt, medals, money, scrip, stored value cards, postage stamps, securities, bullion, manuscripts, or other valuable papers;
8.  Underground structures and equipment, including wells, septic tanks, and septic systems;
9.  Those portions of walks, walkways, decks, driveways, patios and other surfaces, all whether protected by a roof or not, located outside the perimeter,

exterior walls of the insured building or the building in which the insured unit is located;

10.  Containers, including related equipment, such as, but not limited to, tanks containing gases or liquids;

11.  Buildings or units and all their contents if more than 49% of the actual cash value of the building is below ground, unless the lowest level is at or above the base flood elevation and is below ground by reason of earth having been used as insulation material in conjunction with energy efficient building techniques;

12.  Fences, retaining walls, seawalls, bulkheads, wharves, piers, bridges, and docks;

13.  Aircraft or watercraft, or their furnishings and equipment;

14.  Hot tubs and spas that are not bathroom fixtures, and swimming pools, and their equipment, such as, but not limited to, heaters, filters, pumps, and pipes, wherever located;

15.  Property not eligible for flood insurance pursuant to the provisions of the Coastal Barrier Resources Act and the Coastal Barrier Improvement Act and amendments to these Acts;

16.  Personal property you own in common with other unit owners comprising the membership of a condominium association.

## 28.   EXCLUSIONS

Defendant avers as an affirmative defense those exclusions contained in ARTICLE V -

EXCLUSIONS:

A.  We only pay for direct physical loss by or from flood, which means that we do not pay you for:

1.  Loss of revenue or profits;

2.  Loss of access to the insured property or described location;

3.  Loss of use of the insured property or described location;

4.  Loss from interruption of business or production;

5.  Any additional living expenses incurred while the insured building is being repaired or is unable to be occupied for any reason;

6.  The cost of complying with any ordinance or law requiring or regulating the construction, demolition, remodeling, renovation, or repair of property, including removal of any resulting debris.  This exclusion does not apply to any eligible activities we describe in Coverage D-- Increased Cost of Compliance; or

7. Any other economic loss you suffer.

B.  We do not insure a loss directly or indirectly caused by a flood that is already in progress at the time and date:

1.  The policy term begins; or

2.  Coverage is added at your request.

C.  We do not insure for loss to property caused directly by earth movement even if the earth movement is caused by flood.  Some examples of earth movement that we do not cover are:

    1.  Earthquake;

    2.  Landslide;

    3.  Land subsidence;

    4.  Sinkholes;

    5.  Destabilization or movement of land that results from accumulation of water in subsurface land area; or

    6.  Gradual erosion.

    We do, however, pay for losses from mudflow and land subsidence as a result of erosion that are specifically covered under our definition of flood (see II.A.1.c.  and II.A.2.).

D.  We do not insure for direct physical loss caused directly or indirectly by any of the following:

    1.  The pressure or weight of ice;

    2.  Freezing or thawing;

    3.  Rain, snow, sleet, hail, or water spray;

    4.  Water, moisture, mildew, or mold damage that results primarily from any condition:

        a.  Substantially confined to the dwelling; or

        b.  That is within your control, including but not limited to:

            (1) Design, structural, or mechanical defects;

            (2) Failure, stoppage, or breakage of water or sewer lines, drains, pumps, fixtures, or equipment; or

            (3) Failure to inspect and maintain the property after a flood recedes;

    5.  Water or water-borne material that:

        a.  Backs up through sewers or drains;

        b.  Discharges or overflows from a sump, sump pump or related equipment; or

        c.  Seeps or leaks on or through the covered property;

        unless there is a flood in the area and the flood is the proximate cause of the sewer or drain backup, sump pump discharge or overflow, or the seepage of water;

    6.  The pressure or weight of water unless there is a flood in the area and the flood is the proximate cause of the damage from the pressure or weight of water;

    7.  Power, heating, or cooling failure unless the failure results from direct physical loss by or from flood to power, heating, or cooling equipment on the described location;

    8.  Theft, fire, explosion, wind, or windstorm;

    9.  Anything you or any member of your household do or conspires to do to deliberately cause loss by flood; or

10. Alteration of the insured property that significantly increases the risk of flooding.

E. We do not insure for loss to any building or personal property located on land leased from the Federal Government, arising from or incident to the flooding of the land by the Federal Government, where the lease expressly holds the Federal Government harmless under flood insurance issued under any Federal Government program.

F. We do not pay for the testing for or monitoring of pollutants unless required by law or ordinance.

### 29.     REPLACEMENT COST VALUE

Defendant avers as an affirmative defense the provisions set forth in ARTICLE VII – V.

LOSS SETTLEMENT, including without limitation:

1. Introduction

….

a. Replacement Cost Loss Settlement, described in V.2. below, applies to a single-family dwelling provided:
    (1) It is your principal residence, which means that, at the time of loss, you or your spouse lived there for 80% of:
        (a) The 365 days immediately preceding the loss; or
        (b) The period of your ownership, if you owned the dwelling for less than 365 days; and
    (2) At the time of loss, the amount of insurance in this policy that applies to the dwelling is 80% or more of its full replacement cost immediately before the loss, or is the maximum amount of insurance available under the NFIP.

….

2. Replacement Cost Loss Settlement

The following loss settlement conditions apply to a single-family dwelling described in V.1.a. above:

a. We will pay to repair or replace the damaged dwelling after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:
    (1) The building limit of liability shown on your Declarations Page;
    (2) The replacement cost of that part of the dwelling damaged, with materials of like kind and quality and for like use; or

(3) The necessary amount actually spent to repair or replace the damaged part of the dwelling for like use.

### 30.   ACTUAL CASH VALUE

Defendant avers as an affirmative defense the provisions set forth in ARTICLE VII – V.

LOSS SETTLEMENT, including without limitation:

1. Introduction

….

c.   Actual Cash Value loss settlement applies to a single-family dwelling not subject to replacement cost or special loss settlement, and to the property listed in V.4. below.

….

4. Actual Cash Value Loss Settlement

a. A dwelling, at the time of loss, when the amount of insurance on the dwelling is both less than 80 percent of its full replacement cost immediately before the loss and less than the maximum amount of insurance available under the NFIP. In that case, we will pay the greater of the following amounts, but not more than the amount of insurance that applies to that dwelling:

(1) The actual cash value, as defined in II.B.2., of the damaged part of the dwelling; or

(2) A proportion of the cost to repair or replace the damaged part of the dwelling, without deduction for physical depreciation and after application of the deductible.

This proportion is determined as follows: If 80% of the full replacement cost of the dwelling is less than the maximum amount of insurance available under the NFIP, then the proportion is determined by dividing the actual amount of insurance on the dwelling by the amount of insurance that represents 80% of its full replacement cost. But if 80% of the full replacement cost of the dwelling is greater than the maximum amount of insurance available under the NFIP, then the proportion is determined by dividing the actual amount of insurance on the dwelling by the maximum amount of insurance available under the NFIP.

b. A two-, three-, or four-family dwelling.

c. A unit that is not used exclusively for single-family dwelling purposes.

d. Detached garages.

e. Personal property.

f. Appliances, carpets, and carpet pads.

g. Outdoor awnings, outdoor antennas or aerials of any type, and other outdoor equipment.

h. Any property covered under this policy that is abandoned after a loss and remains as debris anywhere on the described location.
i. A dwelling that is not your principal residence.

## 31.    ALL SUMS DUE AND OWED HAVE BEEN PAID

Defendant avers that all sums due and owed under the SFIP have been paid.

## 32.    PRIOR PAYMENTS

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## 33.    NO MEETING OF THE MINDS

To the extent that the Plaintiffs contest the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties.  In that event, and on authority of Kelly v. The Standard Fire Ins. Co., 1994 WL 905630 (S.D. Fla. 1994), Defendant prays that the Court order the return by the Plaintiffs of any amounts previously paid to the Plaintiffs under their SFIP, and that the Defendant thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

## 34.    CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed.

## 35.    EXCLUSIONS

Some or all of the claims of the Plaintiffs are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1).

### 36.    WIND DAMAGE

If it is determined that wind or windstorm caused and/or contributed to any damages in the case at bar, the burden is on the Plaintiffs to present proof that the damages under the SFIP were caused directly by or from flood as defined by the SFIP.

### 37.    APPRAISAL CLAUSE

If these Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).  Defendant affirmatively asserts that the Plaintiffs do not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

### 38.    NO BREACH OF DUTY

There was no breach of any duty owed by Defendant to the Plaintiffs.  There was no causation and no damage attributable to any alleged act, error or omission by Defendant in this case.  Defendant avers that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of Defendant.

### 39.    CAUSATION

Some or all of the damage claimed by the Plaintiffs was the result of causes not within the scope of the SFIP.  Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

### 40.    MITIGATION

If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### 41.     NOT A VALUED POLICY

Defendant pleads as an affirmative defense Article II(B)(28) Valued Policy provision - A policy in which the insured and the insurer agree on the value of the property insured, that value being payable in the event of a total loss.  The SFIP is not a valued policy.

### 42.     LOSS PAYEES

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case.  If there are other entities, such as the SBA, that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

### 43.     DUTIES OF THE INSURED

Plaintiffs are responsible for reading their policy as well as any renewal notices, and are presumed to know the provisions of their policy, including the insurer's limits of liability.

### 44.     OFFSET

Defendant would be entitled to an offset of the percentage of liability attributable to third parties.  As such, Plaintiffs' claims are barred or reduced in part by the comparative negligence of the Plaintiffs or third parties that contributed to the Plaintiffs' negligence.

### 45.     PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).  It is Plaintiffs' burden to establish that they strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit, pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

## 46.    DOCUMENTATION REQUIREMENT

Defendant asserts that Plaintiffs failed to provide documentation in support of any further amounts claimed as required by Articles VII(J)(3) and VII(J)(4)(f), and failed to submit documentation in conjunction with the Proof of Loss to support the amounts sought in the Proof of Loss.  Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the Insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans and specifications for repair.  Further, as per Article VII(J)(3), the Insured must attach all bills, receipts and related documents, particularly if the repairs have been completed.  Additionally, the Insured should provide the requested documentation in such a format as to clearly show the materials, supplies and repairs correlate to damaged items claimed.

## 47.    OTHER INSURANCE

Defendant asserts SFIP Article VII(C), the "other insurance" clause, as an affirmative defense.

## 48.    OVERHEAD AND PROFIT

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiffs are not entitled to overhead and profit.  Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

## 49.    OFFICE OF GENERAL COUNSEL REVIEW

Defendant asserts that it timely reported this litigation to FEMA immediately after it was served with this lawsuit as required per Article III (D)(3) of the Arrangement, and that Defendant has not received any correspondence from the Federal Insurance Administrator,  FEMA or its Office of General Counsel ("OGC") declaring, or even suggesting, that this case falls outside the

"scope" of the Arrangement as that word is used at Article III(D)(3) of the Arrangement found at 44 C.F.R. Pt. 62, App. A.

### 50.    DECLARATORY JUDGMENTS

Defendant avers that because Plaintiffs are seeking both monetary damages for breach of contract and declaratory relief in the same action, the declaratory relief request is not only procedurally incompatible with the request for monetary relief, but it is also redundant and immaterial and should be dismissed pursuant to Fed.R.Civ.P Rule 12(f).

### 51.    STRICT CONSTRUCTION AND INTERPRETATION

Defendant pleads as an affirmative defense that, because all flood claims are paid directly with federal funds, strict construction of the SFIP and interpretation of the Federal Regulations is required.

### 52.    FEDERAL LAW GOVERNS

The SFIP in question in this lawsuit was written by the U.S. Government (not Defendant), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(1).  As the federal government is the ultimate underwriter of the NFIP, it has been determined that federal (not state) law governs.  See, Article IX of the SFIP.

### 53.    LIMITATIONS OF COVERAGE A

Defendant avers as an affirmative defense those provisions and limitations of coverage set forth in the SFIP at Article III, Coverage A - Building Coverage. The SFIP provides coverage for direct physical loss by or from flood to the dwelling at the described location, subject to the limitations set forth at paragraphs 1 through 8, inclusive. Defendant additionally asserts that all such claims are additionally governed by the FEMA NFIP Adjuster Claims Manual, as well as any guidance published by FEMA.

### 54.   EARTH MOVEMENT DAMAGES EXCLUSION

Defendant avers as an affirmative defense the coverage exclusion for damages resulting from earth movement, as set forth in the SFIP including, without limitation, as detailed in Article V at subparagraph (A)(5).

### 55.   ADDITIONAL LIVING EXPENSES EXCLUSION

Defendant avers as an affirmative defense the coverage exclusion for additional living expenses incurred while the insured building is being repaired or is unable to be occupied for any reason, as set forth in the SFIP including, without limitation, as detailed in Article V at subparagraph (C).

### 56.   NO COVERAGE FOR DAMAGES TO PERSONAL PROPERTY

Defendant avers as an affirmative defense that Plaintiffs' SFIP does not cover damages to personal property, as Plaintiffs did not purchase as part of their SFIP, Coverage B – Personal Property, as detailed in Article III at subparagraph (B)(1), stating, "<u>If you have purchased personal property coverage</u>, we insure against direct physical loss by or from flood to personal property …"  (emphasis added).

### 57.   COST OF COMPLIANCE WITH ORDINANCE OR LAW EXCLUSION

Defendant avers as an affirmative defense the coverage exclusion for the cost of complying with any ordinance or law requiring or regulating the construction, demolition, remodeling, renovation, or repair of property, including removal of any resulting debris, as set forth in the SFIP including, without limitation, as detailed in Article V at subparagraph (A)(6).

### 58.   INCREASED COST OF COMPLIANCE

Defendant asserts as an affirmative defense 44 C.F.R. § 60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood

plain management plan.  The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

### 59.   INVALIDITY OF ORAL OR WRITTEN BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiff seeks to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

### 60.   LIKE KIND AND QUALITY

If recovery is allowed, it is limited to like kind and quality.

### 61.   DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself.  The Declarations Page describes the term of the policy and limits of coverage, and displays the premium.  The question of whether the Insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), in pari materia with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations and Claims Manual.

### 62.   DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiffs' Complaint that have not been specifically admitted are hereby denied.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiffs' Complaint, and to assert additional affirmative defenses as future discovery may warrant and require.

**WHEREFORE**, Defendant, Allstate Insurance Company, prays that its Answer be deemed good and sufficient, and that, after all due proceedings are had, that there be judgment herein dismissing all claims of the Plaintiffs, John Clancy and Ruth Clancy, against the Defendant, with prejudice, and at the Plaintiffs' cost.

Dated:  June 6, 2014.

Respectfully submitted,

**CARROLL MCNULTY & KULL LLC**

*/s/ Katherine Lyons, Esq         .*
Katherine Lyons, Esq.
CARROLL MCNULTY & KULL LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Telephone No.: (908) 848-6300
Fax No.: (908) 848-6310
Email: klyons@cmk.com
*Local Counsel for Defendant,*
*Allstate Insurance Company*

And

**NIELSEN, CARTER & TREAS, LLC**

Robert W. Tschirn, Esq. LA S.B. 31994
(pending admission *pro hac vice*)
Deani B. Milano, Esq. LA S.B.  24358
(pending admission *pro hac vice*)
NIELSEN, CARTER & TREAS, LLC
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500; F: (504) 832-9165
Email: rtschirn@nct-law.com
          dmilano@nct-law.com
*National Counsel for Defendant,*
*Allstate Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN CLANCY and RUTH CLANCY,

Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.

CASE NO. 3:14-cv-00663-AET-TJB

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Katherine Lyons, Esq., of full age, hereby certifies in accordance with Local Civil Rule 11.2 that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I am further presently aware of the names of no other parties that should be joined in this action.  I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

CARROLL MCNULTY & KULL LLC

*/s/ Katherine Lyons, Esq        .*
Katherine Lyons, Esq.
CARROLL MCNULTY & KULL LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Telephone No.: (908) 848-6300
Fax No.: (908) 848-6310
Email: klyons@cmk.com

And

**NIELSEN, CARTER & TREAS, LLC**

Robert W. Tschirn, Esq. LA S.B. 31994
(pending admission *pro hac vice*)
Deani B. Milano, Esq. LA S.B.  24358
(pending admission *pro hac vice*)
NIELSEN, CARTER & TREAS, LLC
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500; F: (504) 832-9165
Email: rtschirn@nct-law.com
         dmilano@nct-law.com
*National Counsel for Defendant,*
*Allstate Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, I electronically filed the foregoing pleading with the Clerk of Court in a manner authorized by Federal Rule of Civil Procedure 5(b)(1) by using the CM/ECF system, which will send notice of electronic filing to the following:

Robert T. Trautmann, Esq.
Charles R. Mathis IV, Esq.
125 Half Mile Road, Suite 200
Red Bank, NJ 07701
rtrautmann@merlinlawgroup.com
cmathis@merlinlawgroup.com
*Attorneys for Plaintiffs*

Respectfully submitted,

CARROLL MCNULTY & KULL LLC

*/s/ Katherine Lyons, Esq.        .*
Katherine Lyons, Esq.
CARROLL MCNULTY & KULL LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Telephone No.: (908) 848-6300
Fax No.: (908) 848-6310
Email: klyons@cmk.com
*Local Counsel for Defendant,*
*Allstate Insurance Company*